BEAUMONT COSTALES LAW OFFICE
Roberto Luis Costales, Esq.
Louisiana Bar #33696
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
Facsimile: (504) 272-2956
*rlc@beaumontcostales.com*

William H. Beaumont, Esq.
Louisiana Bar #33005
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 483-8008
*whb@beaumontcostales.com*

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT MAGEE, on behalf of himself and other persons similarly situated,<br><br>    Plaintiff,<br>v.<br><br>NATIONAL PROMOTION REPORTS, LLC<br><br>    Defendant. | Case No. 17-9944<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *ET SEQ*.]<br><br>2. Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *ET SEQ*.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Scott Magee brings this Class Action Complaint and Demand for Jury Trial against National Promotion Reports, LLC to stop their practice of making unwanted and unsolicited text message calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal

knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant is a market research firm which provides texting services to advertisers that contract with third-party businesses.

2. In an effort to garner customers on behalf of their clients and third-party businesses, Defendant sent unsolicited commercial text messages *en masse* to consumers' cellular telephones.

3. Through unsolicited text messages sent *en masse*, Defendant advertised the commercial availability or quality of good or services offered by such third-party businesses.

4. Defendant did not obtain prior express consent from such consumers to make such text message calls and, therefore violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. The TCPA was enacted to protect consumers from unsolicited and unwanted calls, exactly like those alleged in this case. Defendant made these text message calls despite the fact that neither Plaintiff nor the other members of a putative Class of consumers (defined below) provided Defendant with their prior express consent to receive such text messages.

6. By sending spam text messages, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

7. Defendant caused harm to Plaintiff and the Class by subjecting them to the harassment and aggravation that necessarily accompanies the receipt of unsolicited spam text messages.

8. Plaintiff and the Class suffered monetary losses from charges imposed by wireless providers for the receipt of unsolicited text message calls.

9. Consequently, Plaintiff, on behalf of himself and the putative Class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

10. Plaintiff is a natural person and citizen of the state of Louisiana.

11. Defendant National Promotion Reports, LLC is a New York-based for-profit corporation. Defendant National Promotion Reports, LLC conducts business in Louisiana and throughout the United States.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because a substantial part of the events giving rise to the claim occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14. Defendant is a market research firm which provides texting services to advertisers that contract with third-party businesses. In an effort to garner customers on behalf of said third-party businesses, Defendant sent unsolicited text messages, without consent, to cellular telephones while using automatic telephone dialing equipment having the capacity to

store and dial telephone numbers, *en masse*. As a result, Defendant have repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

15. Given the relatively low cost associated with sending bulk text messages, many marketers have turned to disseminating advertisements or promotions through mass text message campaigns.

16. In today's marketplace, many consumers no longer respond to traditional or direct forms of advertising from businesses. In response, many marketing firms have stooped to sending text messages *en masse* that include links to websites with concealed domain names. A consumer who selects the link is then drawn into stream of websites, links and pre-filled internet search queries, each designed to systematically corral consumers into viewing and purchasing goods and services.

17. Seeking to market services and goods of third-party businesses to consumers throughout the United States, Defendant engaged in this especially invasive and deceptive form of advertising.

18. Defendant sent unauthorized text messages to the phones of thousands of consumers across the country.

19. The nature of the text messages sent by Defendant indicates that it used an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant has the capacity to store, produce, and dial random and sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

20. In fact, the commercial text message calls alleged herein were exclusively made by Defendant and not by any consumer. Defendant made, or had made on behalf of advertiser clients and third-party businesses, the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers.

21. While Defendant sent these unauthorized commercial text messages to consumers, it never obtained recipients' express consent to do so.

22. Through its conduct, Defendant caused consumers actual harm by sending unauthorized text message calls at issue. Plaintiff and members of the Class were not only subjected to the aggravation and harassment that necessarily accompanies the receipt of unauthorized text messages, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized text messages.

23. Moreover, Plaintiff and members of the Class suffered injuries in the form of invasion of privacy and violations of their statutory rights, the monies paid to receive Defendant's unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted telemarketing text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones.

**FACTS SPECIFIC TO PLAINTIFF MAGEE**

24. Defendant National Promotion Reports, LLC sent multiple text message calls from SMS short code 35074 to Plaintiff's telephone number.

25. Defendant's texts included click-through links to suspicious websites with pre-filled search queries. The content of these search queries included specific products and services offered by third-party businesses, as well as the actual trade names of the third-party businesses with whom Defendant's clients' have existing contracts.

26. Thus, the messages sent by Defendant were advertisements. Plaintiff had no other reason to be in contact with Defendant. Not only were the messages written in an impersonal manner, but they ultimately promoted commercial availability or quality of goods or services.

27. Plaintiff did not provide prior express written consent to receive text messages from Defendant.

28. Defendant's intrusive text messages adversely affected Plaintiff's right to privacy.

29. Defendant was and are aware that the above-described text message calls were being made on a widespread basis, and that the text message calls were being made to consumers who had not consented to receive them.

## CLASS ACTION ALLEGATIONS

30. **Class Definition:** Plaintiff Magee brings this action on behalf of himself and a class defined as follows:

> **Class:** All individuals in the United States whose wireless telephone number Defendant, or someone on Defendant's behalf, called using an automatic telephone dialing system or an artificial or prerecorded voice without prior express written consent of the called party.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest

and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

31. **Numerosity:** The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant have sent promotional text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

32. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

**The Class:**

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant sent text messages using an automatic telephone dialing system ("ATDS"), as contemplated by the TCPA;

(c) Whether Defendant systematically sent commercial advertisement text messages to persons who did not previously provide it with prior express consent to receive such text message calls; and

(d) Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

28. **Typicality:** Plaintiffs claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

29. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

30. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single

adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

31. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

### FIRST CAUSE OF ACTION

**(Violation of 47 U.S.C. § 227, *et seq.* – Telephone Consumer Protection Act)**
**(on behalf of Plaintiff and the Class)**

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Defendant provides text messaging services to advertiser clients who contract with third-party businesses.

34. In an effort to garner customers on behalf of said businesses, Defendant made unsolicited and unwanted text message calls to Plaintiff and the Class' cellular telephones without their prior express consent.

35. Defendant sent the commercial advertisement text messages to Plaintiff and the Class's cellular telephone numbers using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse*.

36. Defendant utilized equipment that sent the commercial advertisement text messages to Plaintiff and other members of the putative Class simultaneously and without human intervention.

37. By sending the commercial advertisement text messages to Plaintiffs and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(I)(A)(iii).

38. As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and have also had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

39. Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

40. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Scott Magee, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(3), appointing Plaintiff Scott Magee as Class Representative and his attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

(d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

(e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

(f) An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

(g) Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration; and

(h) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

Respectfully submitted:

*/s/ Roberto Luis Costales*
_____
Roberto Luis Costales
William H. Beaumont
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
Facsimile:  (504) 272-2956
*Attorneys for Plaintiff*